IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| DALTON DANIEL PROCHASKA,<br><br>Plaintiff,<br><br>vs.<br><br>NATHAN CONTRERAZ; JOHN PEARSON,<br><br>Defendants. | Cause No. CV 20-101-BLG-SPW<br><br>ORDER |

On July 8, 2020, Plaintiff Prochaska filed a complaint under 42 U.S.C. § 1983 alleging violation of his civil rights (Doc. 2). The Court granted him leave to proceed in forma pauperis and directed the defendants to appear (Doc. 5). Defendants answered on August 4 and August 5, 2020 (Docs. 9, 11). On September 2, 2020, the Court entered a scheduling order (Doc. 13).

On November 13, 2020, the Court ordered Prochaska to comply with the scheduling order by filing a disclosure statement and producing certain documents on or before December 18, 2020. *See* Order (Doc. 16) at 1–2. Prochaska failed to respond.

1

On January 7, 2021, the Court ordered Prochaska to show cause, on or before January 22, 2021, why his case should not be dismissed for failure to prosecute. *See* Order (Doc. 17) at 1–2. Prochaska failed to respond.

Federal Rule of Civil Procedure 41(b) authorizes the Court to dismiss an action "[i]f the plaintiff fails to prosecute" the action. The Court may dismiss a case on its own motion without awaiting a defense motion. *See, e.g., Link v. Wabash R.R.*, 370 U.S. 626, 633 (1962); *Hells Canyon Preservation Council v. United States Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005).

In considering dismissal, a court must weigh five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants or respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)); *see also Tillman v. Tillman*, 825 F.3d 1069, 1074 (9th Cir. 2016) (applying *Pagtalunan*).

The first factor favors dismissal, and the fifth counsels against it. *See Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1990); *Pagtalunan*, 291 F.3d at 643 (citing *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998)). No special considerations suggest these factors should be viewed

2

differently in this case. The Court will consider factors two, three, and four.

On September 2, 2020, the Court issued a detailed scheduling order explaining what Prochaska must do to advance his case. Other plaintiffs have attempted in good faith to comply with their scheduling orders. The Court's time and resources should be directed to them. This case interferes with and takes time away from those cases. The second factor, concerning docket management, weighs in favor of dismissal. *See Pagtalunan*, 291 F.3d at 642 (citing *Yourish*, 191 F.3d at 990).

Plaintiff's inaction, and particularly his failure to file his disclosure statement, interferes with Defendants' ability to proceed to trial. The third factor weighs in favor of dismissal. *See Pagtalunan*, 291 F.3d at 642 (citing *Malone v. United States Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987)).

No viable alternatives to dismissal appear. The Court has already provided Prochaska with two opportunities to rejoin the action. This factor weights in favor of dismissal.

Courts exist to resolve disputes on the merits. Here, however, Prochaska has essentially abandoned the action. All four of the other *Pagtalunan* factors counsel dismissal.

Accordingly, IT IS ORDERED that this case is DISMISSED for failure to prosecute.

DATED this 1st day of February, 2021.

*Susan P. Watters*
Susan P. Watters
United States District Court